STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF RAMSEY                                      SECOND JUDICIAL DISTRICT

CASE TYPE: No. 11 – PERSONAL INJURY

Court File No. _____

Assigned Judge: _____

-------------------------------------------------

Cedric M. Wilson,

                Plaintiff(s),

vs.                                                   **SUMMONS**

Walgreen Co., an Illinois Corporation
authorized to do business in Minnesota,
d/b/a Walgreens and d/b/a Walgreens-
Store #6447,

                Defendant(s).

-------------------------------------------------

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT(S).

    1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    2.    **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

                GALENA LAW FIRM, P.A.
                4886 Highway 61, Suite L1
                White Bear Lake, MN 55110
                (651) 429-6555

    3.    **YOU MUST RESPOND TO EACH CLAIM.** The answer is your written response to the Plaintiff's Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**EXHIBIT A**

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

GALENA LAW FIRM, P.A.

Dated: 7-18, 2020

By _____
Richard J. Galena, (Reg. # 3308X)
Attorney for Plaintiff(s)
4886 Highway 61, Suite L1
White Bear Lake, MN 55110
Phone: (651) 429-6555

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Case Type: No. 11 – Personal Injury

Cedric M. Wilson,

        Plaintiff,

Court File No. _____

Assigned Judge: _____

v.

Walgreen Co., an Illinois Corporation authorized to do business in Minnesota, d/b/a Walgreens and d/b/a Walgreens-Store #6447,

        Defendants.

**COMPLAINT**

---

Plaintiff, Cedric M. Wilson, for his Complaint against the Defendant, states and alleges as follows:

1. The Plaintiff, Cedric M. Wilson, is an individual and at all times relevant herein was a resident of Ramsey County, State of Minnesota.

2. That at all times relevant herein, Defendant, Walgreen Co., d/b/a Walgreens and d/b/a Walgreens- Store #6447, an Illinois Corporation authorized to do business in the State of Minnesota under Minnesota Statute Section 303 (hereinafter "Walgreens"), is the owner and operator of the Walgreens business, store and pharmacy located at 2387 Mounds View Blvd. (County Highway 10), Mounds View, Minnesota 55112.

3. That at all times relevant herein, Walgreen Co., d/b/a Walgreens and d/b/a Walgreens-Store #6447, and its employees are responsible for the maintenance and upkeep of the store, premises, and its facilities located therein.

1

4. That at all times relevant herein, Walgreens maintains a Men's bathroom and bathroom facilities for use by its invitees, customers, and public. Walgreens and its employees are responsible for the inspection, maintenance and upkeep of said bathroom and bathroom facilities.

5. That on or about January 28, 2019 Cedric M. Wilson entered the Walgreens store as an invitee and customer. At that time and place, the Men's bathroom, unknown to the Plaintiff, had water on the floor, and a full, plugged, and overflowed toilet with spilled water, human waste and toilet spillage on the floor and was in an unsafe and dangerous condition. There was no warning sign on the outside or inside of the bathroom warning that the floor was wet or that the toilet was out of order, and that it had overflowed water, human waste, and toilet spillage onto the floor or otherwise was in an unsafe condition.

6. At that time and place, without knowing the condition of the Men's bathroom, Plaintiff, Cedric M. Wilson entered the bathroom. Suddenly and without warning Plaintiff slipped and fell on the wet and slippery Men's bathroom floor as a result of negligently maintained floor and bathroom conditions, including the negligently maintained toilet which was full, plugged and had overflowed and spilled water, human waste and toilet spillage onto the floor of the Men's bathroom. Plaintiff, Cedric M. Wilson, did not observe the water and toilet spillage on the floor prior to slipping and falling.

7. Plaintiff, Cedric M. Wilson, slipped and fell very hard and landed on his right side. He lay there for several minutes before he managed to get himself up. As he lay there his clothes became wet from water, urine and human feces. As a result of the fall from the unsafe and dangerous conditions of the bathroom, Plaintiff, Cedric M. Wilson, was injured and sustained severe and permanent bodily injuries, a broken right ankle, bodily pain and discomfort, pain and

suffering, permanent injuries, permanent surgical scars, permanent disabilities, mental anguish, and emotional distress, humiliation, embarrassment, loss of enjoyment of life and other damages.

8. Prior to Plaintiff entering the Men's bathroom, employee(s) of Defendant Walgreens knew that the toilet was full, plugged and had overflowed water and toilet spillage onto the floor, that the floor was wet, and the bathroom was unsafe, but negligently failed to either cure the unsafe and dangerous condition, or warn of the unsafe and dangerous condition, or close the bathroom for further use.

9. Defendant, Walgreens, knew or should have known that invitees such as Plaintiff would be utilizing the public Men's bathroom. The Defendant had a duty to maintain the Men's bathroom in a reasonably safe condition for the use of all persons invited to enter their store. In the normal course of events, the Defendant should have reasonably anticipated that the existence of water on the bathroom floor and a plugged and overflowing toilet posed an unreasonable risk of harm to persons invited to enter the store and use the bathroom, including the Plaintiff. Defendant had a duty to inspect and maintain the premise and bathroom so that the premise and bathroom would be free from unsafe or dangerous conditions or hazards. Defendant had a duty to warn of any unsafe or dangerous conditions or hazards.

10. Defendant, Walgreens, was previously aware of the plugged toilet and wet floor. Defendant either knew or should have known that a plugged and overflowing toilet and water on the floor is an unsafe and dangerous condition and posed an unreasonable risk of harm to persons using the bathroom and to the Plaintiff. Defendant, Walgreens, knew or by the exercise of reasonable care should have discovered and cured the plugged and overflowing toilet and the water on the floor. The Defendant had actual knowledge of the dangerous condition or hazard that caused Plaintiff's injuries and failed to either cure such unsafe condition or warn of the

condition, or close the bathroom for use. At a minimum, the unsafe or dangerous condition or hazard existed for a significant period of time for Defendant, Walgreens, to exercise reasonable care and to have to discovered the unsafe conditions, fixed it, or warned of the unsafe condition, or closed the bathroom.

11. The Plaintiff's injuries were directly and proximately caused by the negligence and carelessness of the Defendant, Walgreens, by causing the unsafe condition of the Men's bathroom to remain in an unsafe or dangerous condition; by failing to properly maintain the bathroom in a safe condition; by failing to properly inspect the bathroom; by allowing the unsafe plugged and overflowing toilet and spillage without fixing it or warning of the unsafe condition, or closing the bathroom; by allowing the unsafe bathroom to exist and not fixing the same, warning of the unsafe condition, or closing the bathroom; by failing to warn the Plaintiff of the unsafe bathroom and the dangerous and unsafe condition; by failing to close the unsafe bathroom for further use; and by failing to take proper protective measures or otherwise exercise reasonable care to make safe the Men's bathroom and facilities. The Defendant, Walgreens, was otherwise negligent. The Defendant's decision not to inspect and fix the unsafe bathroom caused Plaintiff's fall and created a foreseeable and unreasonable risk of harm. The Defendant knew or in the existence of common sense knew or should have known that a wet bathroom floor and a plugged and overflowing toilet created an unsafe and dangerous condition requiring that it be fixed or made safe, or closed and that Walgreens warn of the unsafe and dangerous condition.

12. That the actions and omissions of Defendant Walgreens' employees were performed in the course of their employment and under the doctrine of <u>Respondent Superior</u>, the Defendant Walgreens is liable and responsible for the action and omission of its employees.

4

13. As a direct and proximate result of the negligence and carelessness of the Defendant Walgreens, the Plaintiff, Cedric M. Wilson, was injured and sustained severe and permanent bodily injuries, including, but not limited to, injuries to his right leg and ankle, including a broken right ankle which required extensive surgery for the right displaced distal fibula fracture wherein a titanium plate and 6 locking screws were surgically and internally placed into the Plaintiff's right ankle; as a result, he has in the past and will in the future suffer bodily pain and discomfort, pain and suffering, permanent injuries, permanent surgical scars, permanent disabilities, mental anguish, and emotional distress, humiliation, embarrassment, loss of enjoyment of life; as a result, he has in the past and will in the future, incur hospital and medical care and treatment expenses for the medical care and treatment of his injuries; as a result, he has in the past and will in the future, incur loss of earnings and other damages. As a result, Plaintiff, Cedric M. Wilson, has been damaged and injured in an amount greater than $50,000.00.

**WHEREFORE**, Plaintiff Cedric M. Wilson prays for Judgment against the Defendant Walgreen Co., d/b/a Walgreens and d/b/a Walgreens-Store #6447, as follows:

1. In an amount in excess of $50,000.00 plus interest, costs and disbursement herein.
2. For such other relief as the Court may deem just and equitable.

Dated: 9 - 18 , 2020

GALENA LAW FIRM, P.A.

By *(signature)*
Richard J. Galena, ID # 3368X
Attorney for Plaintiff
4886 Highway 61, Suite L1
White Bear Lake, MN 55110
651-429-6555

## ACKNOWLEDGEMENT

The Plaintiff, through its undersigned attorney, hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §529.211, to the party against whom the allegations in this pleading are asserted.

*Richard J. Galena*
Richard J. Galena, ID #3308X